*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-BG-1258

IN RE ALEXANDER DJORDJEVICH, RESPONDENT

An Administratively Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 445828)

On Report and Recommendation of Hearing Committee Number Nine
Approving Petition for Negotiated Discipline
(BDNs D445-10, D525-10, D309-11 & D211-12)

(Decided: June 11, 2015)

This decision is issued as non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

Before BLACKBURNE-RIGSBY and EASTERLY, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: In this disciplinary matter, Hearing Committee Number Nine ("Committee") recommends approval of a petition for negotiated attorney discipline. These violations are identified in the Specification of Charges filed by Bar Counsel. Additionally, respondent is currently administratively suspended in the District of Columbia for failure to pay bar dues.

Based upon the three incidents identified in the Specification of Charges, respondent admittedly violated numerous rules of the District of Columbia Rules of Professional Conduct, which led Bar Counsel and respondent to negotiate discipline in the form of a nine-month suspension, with a fitness requirement for reinstatement. Bar Counsel filed a petition to this effect and the Committee concluded, after the limited hearing on the petition, an *in camera* review of Bar Counsel's investigative files and records, and its *ex parte* meeting with Bar Counsel, that respondent violated the numerous Rules of Professional Conduct and D.C. Bar Rule identified in the Specification of Charges.

We agree with the Committee's recommendation because it properly applied D.C. Bar XI 12.1 (c) to arrive at this conclusion, and we find no error in the Committee's determination. Furthermore, the Committee considered the aggravating factors and mitigating circumstances, including respondent belatedly taking full responsibility for his actions, his decision to voluntarily cease practicing law, payment of restitution to all clients, and, after his initial non-compliance, full cooperation with Bar Counsel. Based upon the record before the court, the negotiated discipline of a nine-month suspension from the practice of law with a

requirement to prove fitness prior to reinstatement is not unduly lenient and is supported by discipline imposed by this court for similar actions.[1]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Alexander Djordjevich is hereby suspended from the practice of law in the District of Columbia for a period of nine months and required to demonstrate fitness to practice law as a condition to his reinstatement. We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*

---

[1] *See e.g. In re Lyles*, 680 A.2d 408, 418 (D.C. 1996) (imposing "a suspension of up to six months . . . for cases involving serious neglect and multiple failure to zealously represent clients."). Although this court has not previously exceeded the six month parameter for suspension, respondent's pattern of misconduct over a four-year period, coupled with his consent to the sanction, affords the court discretion to impose a nine month suspension.